

# THE ATTORNEY GENERAL
## OF TEXAS

January 28, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Patrick O. Hardy
Criminal District Attorney
Room 201, Courthouse
Woodville, Texas    75979

Opinion No.  JM-628

Re:   Applicability of the Profes-
sional Prosecutors Act to funding
for the criminal district attorney
of Tyler County

Dear Mr. Hardy:

Your inquiry is directed to the applicability of Attorney General Opinion JM-428 (1986) in determining funding for the criminal district attorney of Tyler County under the Professional Prosecutors Act.

In Attorney General Opinion JM-428 we noted that section 46.006 of the Government Code, the Professional Prosecutors Act, provides:

> (b)  The commissioners court in each county that has a prosecutor subject to this chapter shall provide the funds necessary to carry out the purpose of this chapter and shall continue to provide funds for the office of the prosecutor in an amount that is equal to or greater than the amount of funds provided for the office by the county on August 27, 1979.  This subsection does not apply to local supplementation to the salary of the prosecutor.

The office of criminal district attorney for Tyler County was created effective January 1, 1983, by Acts 1983, 68th Leg., ch. 979, §1, at 5324.  You suggest that September 1, 1983, the effective date of the act under which the office of criminal district attorney for Tyler County was created, is the date the office became subject to the provisions of the Professional Prosecutors Act.  You conclude that the commissioners court of Tyler County is required to fund your office in an amount that is equal to or greater than the amount of funds it provided the office on September 1, 1983.  You premise your opinion on language found in former article 332b-4, section 6, V.T.C.S. (now section 46.006 of the Government Code, the Professional Prosecutors Act) directing that a commissioners court shall provide funds that are equal to or greater than the amount of funds provided the office <u>on the effective date of this act.</u>

The Professional Prosecutors Act was created, effective August 27, 1979, by Acts 1979, 66th Leg., ch. 705, at 1709. We are of the opinion that this is the date referred to in former article 332b-4, section 6. Upon the nonsubstantive repeal of article 332b-4, section 6, (Acts 1985, 69th Leg., ch. 480, §26(1), at 2048), it was codified as section 46.006(b) of the Government Code, Professional Prosecutors Act. Acts 1985, 69th Leg., ch. 480, at 1969. The date of August 27, 1979 referred to therein is a time prior to the creation of the office of criminal district attorney for Tyler County by the Professional Prosecutors Act. It follows that the minimum amount of funding for your office by the commissioners court cannot come within the provision of section 46.006(b) of the Government Code, the Professional Prosecutors Act. Section 46.006(b), however, also provides that the commissioners court "shall provide the funds necessary to carry out the purpose of this chapter."

## SUMMARY

The office of criminal district attorney of Tyler County is subject to section 46.006(b) of the Government Code, the Professional Prosecutors Act. Because the minimum amount the county must provide to fund the office of criminal district attorney of Tyler County cannot be determined as of 1979, however, the minimum amount is simply the amount "necessary to carry out the purpose" of the Professional Prosecutors Act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General